No. 26-1991

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

---

STATE OF CALIFORNIA, ET AL.,

*Plaintiffs-Appellees*,

*v.*

STATE OF MISSOURI, ET AL.,

*Defendants-Appellants*,

UNITED STATES POSTAL SERVICE, ET AL.,

*Defendants*.

---

On Appeal from the United States District Court for the District of Massachusetts

---

# BRIEF OF *AMICI CURIAE* LULAC, *ET AL.* IN OPPOSTION TO MOTION FOR STAY

Norman L. Eisen
Pooja Chaudhuri
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
pooja@democracydefenders.org

*Counsel for Amici Curiae League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity.*

Anna Baldwin
Danielle Lang
Valencia Richardson
Aseem Mulji
Benjamin Phillips
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
dlang@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, *Amici Curiae* League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity, certify that they do not have a parent corporation, and that no publicly held company owns any interest in them.

# TABLE OF CONTENTS

BRIEF OF *AMICI CURIAE* ..... 1

INTRODUCTION ..... 1

INTERESTS OF *AMICI CURIAE* ..... 3

ARGUMENT ..... 4

I. It Is Impossible to Implement the Final Rule for the November 2026 General Election. ..... 4

CONCLUSION ..... 8

CERTIFICATE OF COMPLIANCE ..... 9

CERTIFICATE OF SERVICE ..... 10

## TABLE OF AUTHORITIES

**Cases** **Pages**

*DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C.) ................................................1

*LULAC v. Executive Office of the President*, No. 1:26-cv-1132 (CJN) (D.D.C.)......3

**Other Authorities**

Ballot Mail for Federal Elections, 91 Fed. Reg. 54966 (Aug. 26, 2026) (to be codified at 39 C.F.R. pt. 111) .....................................................................3

Declaration of Tammy Patrick, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C. Aug. 28, 2026), ECF No. 171-3 ("Patrick Decl.")..........................5, 6, 7

Declaration of Tammy Patrick, *League of Women Voters of Massachusetts v. Trump*, No. 1:26-cv-11549-IT (D. Mass. Sep. 1, 2026), ECF No. 255-2.............5

Notice of Developments, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C. Sep. 1, 2026), ECF No. 174 .........................................................2

Supplemental Declaration of Tammy Patrick, *League of Women Voters of Massachusetts v. Trump*, No. 1:26-cv-11549-IT (D. Mass. Sep. 1, 2026), ECF No. 255-3 ...................................................................................7

## BRIEF OF *AMICI CURIAE*

*Amici curiae* file this brief without leave of court because all parties consent to its filing. Counsel for amici curiae authored this brief in whole. No party or party's counsel authored any part of this brief, and no person, other than amicus and its counsel, contributed money to fund its preparation or submission.

## INTRODUCTION

*Amici* League of United Latin American Citizens ("LULAC"); Secure Families Initiative ("SFI"); Arizona Students' Association ("ASA"); the City of Madison, Wisconsin; Travis County, Texas; and Travis County Clerk Dyana Limon-Mercado, in her official capacity as the Travis County Clerk, respectfully submit the following *amici curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction. *Amici* are plaintiffs challenging the USPS Final Rule in separate litigation pending in the United States District Court for the District of Columbia, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C.). In that litigation, they retained an expert in election administration with deep and on-going Postal Service expertise and experience, Ms. Tammy Patrick, the Chief Programs Officer of the National Association of Election Officials, who drafted and submitted a declaration explaining that none of the requirements of the USPS Final Rule can feasibly be implemented for the November 3, 2026, general election by either local election officials or USPS. Ms. Patrick explained that each requirement of the Rule will place

new and heavy burdens on state, and particularly, local election officials, and requires changes that exceed the time, budget, and staffing bandwidth available for implementation for 2026. Her declaration further explains that USPS is not prepared to implement the unprecedented requirements imposed by the Rule for the 2026 election and that catastrophic failures will be the predictable result, resulting in delayed ballot mailings, disparate treatment of election offices and voters across and within states, and eligible voters losing the ability to exercise their right to vote by mail according to the laws of their state. These concerns were underscored by a USPS whistleblower disclosure earlier today regarding USPS's lack of operational and technical capacity to implement the Rule for this election. *See* Notice of Developments, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C. Sep. 1, 2026), ECF No. 174.

Drawing from *amici*'s collective experience working with countless voters for whom voting by mail is their only option to cast their ballot, and *amici* the City of Madison, Travis County, and the Travis County Clerk's experience as election administrators, as well as the experience of their proffered expert, *amici* submit that the Final Rule must be enjoined to prevent administrative chaos to vote by mail and the resulting mass disenfranchisement of eligible voters.

## INTERESTS OF *AMICI CURIAE*

*Amici Curiae* League of United Latin American Citizens ("LULAC"); Secure Families Initiative ("SFI"); Arizona Students' Association ("ASA"); the City of Madison, Wisconsin; Travis County, Texas; and Travis County Clerk Dyana Limon-Mercado are plaintiffs in *LULAC v. Executive Office of the President*, No. 1:26-cv-1132 (CJN) (D.D.C.), one of three now-consolidated cases in the United States District Court for the District of Columbia that challenge the implementation of the United States Postal Service's Final Rule issued on August 26, 2026. Ballot Mail for Federal Elections, 91 Fed. Reg. 54966 (Aug. 26, 2026) (to be codified at 39 C.F.R. pt. 111) ("Final Rule" or "Rule"). The consolidated cases are now preceding under the lead case, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN (D.D.C.). These organizations, election jurisdictions, and individuals have an interest in the above captioned case which also challenges the Final Rule.

LULAC, SFI, and ASA have members in states across the country who rely on mail voting. This includes the families of military service members who are stationed away from their home states, students attending college and university, older voters and voters with disabilities, and others who count on mail voting to participate in the upcoming election. LULAC, SFI, and ASA also educate their members and other voters about how to vote by mail, providing assistance and support to help them ensure they are able to do so. These organizations have an

interest in ensuring their members can vote by mail in the November election, and that the organizations can conduct their planned educational and election-related activities.

The City of Madison, Wisconsin, Travis County, Texas, and Travis County Clerk Dyana Limon Mercado have already invested significant resources into administering the November 3, 2026 election and would face logistical and financial hardships in attempting to comply with the requirements in the Final Rule. They have an interest in preserving their resources, preventing disenfranchisement of the voters they serve, and avoiding reputational harm to themselves that would result if the Final Rule's requirements for mail voting were implemented for the November 3, 2026 election.

All *amici* have a strong interest in preventing disruptions to orderly election administration for the November 3, 2026 general election, including the widespread mail ballot receipt delays and disfranchisement that implementation of the USPS Final Rule would cause.

## ARGUMENT

### I. It Is Impossible to Implement the Final Rule for the November 2026 General Election.

The Final Rule is unprecedented in both scale and scope and cannot be feasibly administered before the 2026 general election. To understand the practical effects of the Final Rule, *amici* engaged Tammy Patrick, an election administrator

and Chief Programs Officer of the National Association of Election Officials, to serve as an expert in *amici*'s case challenging the Final Rule. Ms. Patrick submitted a declaration in the District of Columbia litigation, Declaration of Tammy Patrick, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C. Aug. 28, 2026), ECF No. 171-3 ("Patrick Decl."), and *amici* filed that declaration in the district court docket below. Decl. of Tammy Patrick, *League of Women Voters of Mass. v. Trump*, No. 1:26-cv-11549-IT (D. Mass. Sep. 1, 2026), ECF No. 255-2. Ms. Patrick's extensive experience with postal procedures and election administration includes an ongoing, day-to-day engagement with election officials nationwide, as well as her role as a liaison between election official and several federal agencies, including the United States Postal Service ("USPS"), the United States Postal Inspection Service ("USPIS"), the United States Postal Office of Inspector General ("USPS OIG"), and the Federal Voting Assistance Program ("FVAP"), among other experience. Based on her extensive experience, Ms. Patrick concluded that the Final Rule is not only infeasible to implement, but will undermine election integrity and guarantee the disenfranchisement of countless eligible voters.

Ms. Patrick concluded that "[n]one of the Rule's requirements can feasibly be implemented before the November 3, 2026, General Election." Patrick Decl. ¶ 18. Specifically,

> [t]he Postal Service has never compiled or retained a national list of voters, required the chief election official from each state to take on an

> administrative function in the mailing of ballots, required documentation that the envelopes being used in ballot mailings have been approved by [Mailpiece Design Analysts] prior to acceptance of the mailing, or rejected mailings of ballots if proof of MDA approval is lacking.

*Id.* ¶ 17. Moreover, Ms. Patrick found that the Final Rule conflicts with the 2026 election calendar, as local election officials across the country have already set their governmental budgets for elections, as well as "designed, approved, and printed or ordered their ballot envelopes." *Id.* ¶ 34. Further, the Ballot Portal will require election officials "to build technical infrastructure, develop new data management and transfer protocols, set up user authentications, and draft policies and training material," all on the eve of early voting. *Id.* ¶ 38.

Ms. Patrick also drew from recent experience to conclude that she had "never witnessed USPS impose a change with such a dramatic impact on election administration so close to an upcoming election." *Id.* ¶ 61. Ms. Patrick worked extensively with USPS on the development of the STID for ballot mail, the three-digit number that identifies a mailpiece's class of service and handling specifications. *Id.* As she recounts, the effort to implement this change took two years, and "[c]reating a Ballot STID at that time did not change how ballots were handled, it did not change the induction of the mail, it did not change the authorization process of tendering mailings—all of which the Rule calls for but with much less time and planning." *Id.*

Because of the overwhelming amount of work that would be required to implement the Final Rule, Ms. Patrick opined that "[a]ttempting to implement the Rule in the 2026 election will result in rejected and delayed ballot mailings, disparate treatment of election offices and voters across and within states, and eligible voters losing the ability to exercise their right to vote by mail according to the laws of their state." *Id.* ¶ 20. Following the USPS whistleblower disclosure earlier today, *amici* also filed in the district court in this litigation a supplemental declaration from Ms. Patrick, explaining that the disclosures support her original opinions. Suppl. Decl. of Tammy Patrick, *League of Women Voters of Mass. v. Trump*, No. 1:26-cv-11549-IT (D. Mass. Sep. 1, 2026), ECF No. 255-3.

Ms. Patrick's conclusions comport with *amici*'s experience as local election officials and as organizations who regularly work with local election officials to ensure their constituencies are able to cast their mail ballots. As explained *supra*, *amici* represent individuals across the country who vote by mail because doing so is their only option, from student voters, to servicemembers and their families, as well as the elderly. Moreover, *amici* local election officials handle, collectively, hundreds of thousands of mail ballots every election cycle, and are charged with ensuring that all voters who are eligible are able to request and cast a mail ballot. As Ms. Patrick's declaration details, the interests of *amici* in protecting their constituencies' rights will be irreparably harmed by the implementation of the Final Rule, by

commandeering election officials to do the impossible and thus guaranteeing the disenfranchisement of *amici*'s constituencies and members.

**CONCLUSION**

For the foregoing reasons, *amici* respectfully request that this Court deny the request to stay temporary restraining order issued by the District Court.

Respectfully submitted on September 1, 2026,

*<u>/s/ Anna Baldwin</u>*
Anna Baldwin
Danielle Lang
Valencia Richardson
Aseem Mulji
Benjamin Phillips
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
abaldwin@campaignlegalcenter.org
dlang@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

Norman L. Eisen
Pooja Chaudhuri
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
pooja@democracydefenders.org

*Counsel for Amici Curiae League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing *amicus* brief contains 1,654 words, consistent with the length limitation in Fed. R. App. P. 29(a)(5). This response has been prepared using a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, consistent with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type styles requirements of Fed. R. App. 32(a)(6).

Dated: September 1, 2026 Signature: */s/ Anna Baldwin*

## CERTIFICATE OF SERVICE

I, Anna Baldwin, do hereby certify that on this 1st day of September, 2026, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Dated: September 1, 2026 Signature: /s/ *Anna Baldwin*